# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Erik Becerra,**

    Plaintiff,

v.

**Joan Fabian, et al.,**

    Defendants.

Civil No. 08-5511 (JMR/JJG)

**REPORT
AND
RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

    This matter is before the undersigned for resolution of assorted pretrial motions. Plaintiff Erik Becerra is proceeding on his own behalf. The defendants are represented by Margaret E. Jacot, Minnesota Assistant Attorney General. The four pending motions include two dispositive motions, which require a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

    Mr. Becerra (Becerra) is currently incarcerated in Minnesota state prisons, and the nine defendants are officials in the Minnesota Department of Corrections. This litigation arises out of prison disciplinary proceedings against Becerra, which led to a substantial increase in his term of imprisonment and other consequences. Becerra then brought this action under 42 U.S.C. § 1983, alleging various constitutional violations. In his complaint, he also mentions some claims under state law.

    Becerra moves for a subpoena (Doc. No. 11); to submit a letter into evidence (Doc. No. 12); and for a temporary restraining order (Doc. No. 14). The defendants move to dismiss (Doc.

No. 19). The following report focuses on the motion to dismiss, which is fully briefed and which fully disposes of this litigation.

## I.   BACKGROUND

The disciplinary proceedings flow from events at the state prison in Stillwater on May 2, 2008. Prison authorities learned that two prisoners had been stabbed, and Becerra was identified as the perpetrator. Becerra was taken into administrative segregation and was required to submit to a strip search. During the search, prison officials found a plastic shiv, which Becerra allegedly tried to flush down a toilet.

At some point thereafter, Becerra was moved to the prison in Oak Park Heights. Around this time, he approached by prison officials who were investigating the May 2 incident. It is not entirely clear, from the current record, what transpired between Becerra and the investigators.

In some papers, Becerra alleges that the investigators wanted him to talk—either with them or to other inmates—about a brewing gang war. Because he refused to talk, prison officials then imposed retaliatory discipline. Becerra elsewhere calls this incident a violation of his First Amendment rights. He claims that, when the investigators attempted to get him to talk, they interfered with his right to free speech.

In other papers, Becerra alleges that the investigators asked him about the stabbings. He evidently admitted that he had spoken to the stabbing victims on the evening of the incident, but denied that he committed the assaults. When he spoke to the victims, Becerra explained, he was attempting to avert a gang war. Becerra urged the investigators to talk to the other inmates who were involved, saying that the inmates would exonerate him.

Becerra was charged with multiple disciplinary offenses in connection with the events of May 2. At the disciplinary hearing, Becerra contends, the hearing officer excluded significant

evidence. This evidence included testimony from the other inmates; photographs depicting the injuries from the stabbings; and video recordings that captured the incident. If this evidence was allowed, Becerra suggests, he would have been exonerated. But Becerra admitted to the hearing officer—and in his current complaint—that the shiv was his.

The hearing officer determined that Becerra had committed several violations, imposing sanctions that apparently included 600 days in segregation. According to his complaint, because of this sanction, his imprisonment was extended from January 2009 until December 2009.

Aside from his allegations regarding the May 2 incident, and the ensuing disciplinary proceedings, Becerra also complains about the conditions of confinement. His chief concern is that prison officials, through their bunk assignment practices, are intentionally provoking fights between inmates. Assuming that such practices exist, Becerra consistently denies being involved in any fights, and so it is unclear how these practices injured Becerra.

In this matter, Becerra chiefly brings action under 42 U.S.C. § 1983. From the discussion with the investigators, Becerra alleges a violation of his First Amendment rights. In connection with the disciplinary proceedings, Becerra claims that there was retaliatory discipline and other violations of due process. And citing the bunking conditions, Becerra alleges a violation of the Eighth Amendment.

In his complaint, Becerra demands several forms of relief. In part, he seeks a declaratory judgment that the disciplinary proceedings violated due process. For this reason, he asks that the proceedings be expunged and that he be released from segregation. Becerra also seeks damages and other forms of relief.

Through their current motion to dismiss, the defendants primarily raise two arguments. The first is that, to the extent Becerra brings claims for damages against them in their official

capacities, the claims are barred by sovereign immunity. The other is that, because his claims implicate the duration of his imprisonment, Becerra cannot currently obtain relief under § 1983 and instead must pursue a writ of habeas corpus.

## II. DISCUSSION

### A. Standard of Review

The defendants characterize their motion in two ways: as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), or as a motion to dismiss for failure to state a claim under Rule 12(b)(6). They correctly note that, when a defendant mounts a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the applicable standard of review is essentially the same as for failure to state a claim under Rule 12(b)(6). *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

Under that standard, a defendant may seek dismissal where the allegations in the complaint are so deficient that they cannot support a claim. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this issue, a court is ordinarily limited to the complaint, with all reasonable inferences taken for the plaintiff. *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### B. Availability of Remedy Under § 1983

The defendants argue in part that, because Becerra's § 1983 claim implicates the duration of his imprisonment, he cannot currently bring action under § 1983 and he must instead pursue a writ of habeas corpus.

If a prisoner seeks injunctive relief under § 1983, and such relief would alter the fact or length of detention, action is not allowed under § 1983 and the prisoner must instead petition for

a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Even if a prisoner does not seek injunctive relief, but that prisoner's success on a § 1983 claim would necessarily imply that detention is illegal, the prisoner must show the detention was previously invalidated by a writ of habeas corpus or a comparable proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In accordance with these rules, if a prisoner receives disciplinary sanctions that increase the duration of imprisonment, and the prisoner contends that the sanctions are unconstitutional and challenges them under § 1983, the prisoner must establish that the sanction was invalidated beforehand. Under these circumstances, if the sanction has not been previously invalidated, then the action under § 1983 must be dismissed without prejudice. *Edwards v. Balisok*, 520 U.S. 641, 646, 649 (1997); *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996).

These rules ensure that, when a prisoner directly or indirectly asks for habeas relief, all procedures for a habeas petition are met. Among other concerns, habeas requires a prisoner to exhaust remedies available through the state forum, whereas § 1983 does not. Exhaustion grants state prison officials an opportunity to redress their own violations, and it prevents undue federal interference into state administration. *Preiser*, 411 U.S. at 491-92.

In the current matter, Becerra brings action under § 1983 and principally alleges that the disciplinary proceedings violate due process. He seeks injunctive relief, including expungement of the disciplinary offenses, and damages. If Becerra obtained such relief, it would necessarily imply that his detention is illegal. In these circumstances, Becerra must first establish that the disciplinary sanction was previously invalidated, by a writ of habeas corpus or in a comparable proceeding. But Becerra has not done so, and to the extent that his § 1983 claims challenge the disciplinary proceedings, those claim are properly dismissed without prejudice.

This result also controls his First Amendment argument. Becerra alleges that he received retaliatory discipline because he refused to talk to prison officials. This concern is sufficiently entangled with the disciplinary proceedings that it calls the disciplinary sanction into doubt. As a result, the First Amendment claim should also be dismissed without prejudice. *Sheldon*, 83 F.3d at 234.

All that remains of the § 1983 action, therefore, is the Eighth Amendment issue regarding bunking practices. Unlike the First Amendment issue, there is no clear connection between these practices and the disciplinary proceedings. Becerra may argue that these practices provoked the fight, that he was wrongly accused of that fight, and thus he suffered disciplinary sanctions. To the extent Becerra challenges the disciplinary proceedings on the basis of bunking practices, the preceding analysis applies with equal force.

Assuming for the sake of argument that the Eighth Amendment issue stands apart from any challenge to the disciplinary proceedings, the complaint offers no allegations to substantiate the challenge to bunking practices. And if the disciplinary proceedings are not implicated, then the complaint otherwise fails to explain how Becerra was injured by bunking practices. Even if this relief may be sought under § 1983, the complaint does not have enough allegations to state a claim, and so the Eighth Amendment issue may also be dismissed for this reason.

### C.    Residuary Issues

#### 1.    Supplemental Jurisdiction

In his complaint, Becerra briefly mentions other state law actions, such as negligence and intentional infliction of emotional distress. As Becerra brings action under § 1983, the subject matter jurisdiction of this Court is founded on a federal question, and the state law actions are encompassed by supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a).

As the defendants correctly observe, a court may decline supplemental jurisdiction once it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). When considering whether to do so, a court should examine concerns such as judicial economy, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). If subject matter jurisdiction is founded on a federal question, and all federal claims are dismissed before trial, these factors point toward declining supplemental jurisdiction over any remaining state law claims. *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005).

Assuming the § 1983 claim is dismissed, there may be some surviving state law claims in the complaint. As a matter of economy, fairness, and comity, these claims are best committed to decision in the state courts. This Court thinks it suitable to decline supplemental jurisdiction and dismiss any remaining state law claims without prejudice.

### 2. Sovereign Immunity

The defendants also contend that, to the extent Becerra brings claims for damages against them in their official capacities, these claims are barred by sovereign immunity. They further observe that sovereign immunity does not shield them in their individual capacities, and because Becerra also names them in their individual capacities, these claims are not barred by sovereign immunity.

This Court agrees with the defendants' assessment. *See Morstad v. Dep't of Corrections & Rehabilitation*, 147 F.3d 741, 743-44 (8th Cir. 1998) (official capacity); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (individual capacity). Sovereign immunity involves subject matter jurisdiction, and thus where sovereign immunity attaches, the proper remedy is dismissal without prejudice.

This outcome is not significant, however, because all the claims against the defendants may be dismissed without prejudice for other reasons. Sovereign immunity, by comparison, only offers a piecemeal result. Although this Court respects the defendants' invocation of sovereign immunity, that doctrine is not controlling here.

### 3. Other Motions

Becerra has three pending motions. One seeks a temporary restraining order, and in this motion, Becerra asks for an immediate hearing and for relief on the merits of his claims. Based on the prior analysis, however, Becerra has no cause for relief in this litigation. His motion for a temporary restraining order, therefore, is properly denied.

The other two motions involve a subpoena and other evidence that is allegedly relevant to this litigation. Assuming that this litigation is dismissed without prejudice, these motions may be denied as moot.

## III. RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The defendants' motion to dismiss (Doc. No. 19) be **GRANTED.**

2. Becerra's motion for a temporary restraining order (Doc. No. 14) be **DENIED.**

3. Becerra's other motions (Doc. Nos. 11, 12) be **DENIED AS MOOT.**

4. All claims be **DISMISSED WITHOUT PREJUDICE** and this litigation closed.

Dated this 9th day of March, 2009.          /s   *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **March 23, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.